IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ROSS P. BAILEY,

                Plaintiff,

v.                             Action Number 3:09MC10

MARY ELLEN CALLAHAN,

                Defendant.

## MEMORANDUM OPINION

This matter is before the Court on a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, filed by Defendant Mary Ellen Callahan in her official capacity as Chief Privacy Officer of the United States Department of Homeland Security ("DHS"). (Docket Nos. 11 & 12.) The issue before the Court is whether Plaintiff's Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., request reasonably described the records being sought. After examination of the parties' memoranda and the record, the Court finds that oral argument is unnecessary because the facts and legal arguments are adequately presented in written form and in the record already before the Court. For the reasons stated below, the Court GRANTS Defendant's Motion.

## I. BACKGROUND

Plaintiff Ross P. Bailey ("Plaintiff"), a pro se litigant, submitted a FOIA request by letter dated May 7, 2009, to DHS. In the letter, Plaintiff requested the following:

> 1. What is the total number of Homeland Security personnel and private subcontractors working in the cities/suburbs of New Orleans, Atlanta, and Richmond, VA on March 8, 2009?

1

2. How many Homeland Security personnel/subcontractors traveled on the following flights on March 8, 2009 (Delta Flight 1076 from New Orleans to Atlanta and Delta Flight 1584 from Atlanta to Richmond)?

3. How many "Judicial Warrants" were obtained regulating activities on March 8, 2009 by the Department of Homeland Security and their subordinate agencies?

(Compl. 2.)

In his request letter, Plaintiff stated that "although a justification isn't required by FOIA requesters," the reason for his request was that DHS "has ruined every vacation (even [their] honeymoon) that [he] and [his] wife have paid good money for." (Id.)

DHS issued an initial decision in response to Plaintiff's FOIA request by letter dated May 21, 2009. In it, DHS acknowledged receipt of Plaintiff's request and informed him that it was not a proper request. (Compl. 4, May 21 Letter.) DHS asserted that the request was not proper because Plaintiff had not fulfilled the requirements of the DHS Privacy Act ("PA") regulations, 6 C.F.R. § 5.21(d). These regulations require verification of a requester's identity including his full name, current address, and date and place of birth. In addition, DHS stated that the request must be made in writing, contain Plaintiff's signature, and should either be notarized or contain a statement made under penalty of perjury as permitted by 28 U.S.C. § 1746. (Id.)

In its letter, DHS also informed Plaintiff that FOIA does not require federal agencies to answer inquiries or create records in response to a FOIA request, and that FOIA is limited to requiring agencies to provide access to reasonably described, nonexempt records. (May 21 Letter) (citing NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162 (1975)). DHS then referred Plaintiff to the DHS Travel Redress Inquiry Program ("TRIP") as an alternative to his submitting a FOIA/PA request, noting that DHS TRIP is a point of contact for individuals seeking resolution of difficulties in travel screening. (May 21 Letter.)

2

On July 6, 2009, Plaintiff filed a Complaint in this Court requesting records under FOIA. On July 10, this Court issued an Order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction based on the fact that Plaintiff had not attempted to remedy the request deficiencies noted in DHS's May 21, 2009 letter. (Docket No. 3.) On July 16, 2009, upon further review of Plaintiff's request and following a telephone conversation with him, DHS issued a revised response to Plaintiff's request. In this letter, DHS informed Plaintiff that after reviewing his request and per the telephone conversation, Plaintiff was in fact not required to submit identification pursuant to the Privacy Act because his request did not seek any first party records. (Pl.'s Re-examination Request 2-3, July 16 Letter.) On August 11, 2009, upon Plaintiff's request for re-examination and review of DHS's July 16, 2009 letter, the Court vacated its July 10, 2009 Order, subsequently finding that Plaintiff's Complaint was properly before the Court. (Docket No. 4.)

In its July 16, 2009 letter, DHS maintained that Plaintiff's request did not reasonably describe the records he sought, but rather posed questions. DHS again stated that Plaintiff's request was not properly made in accordance with FOIA and DHS FOIA regulations, 6 C.F.R. § 5.3. DHS also advised Plaintiff that although it recommended contacting DHS TRIP first, he could pursue a properly made request via FOIA with another DHS component. Based on the information sought, DHS noted that its component most likely to maintain the information Plaintiff sought would be the Transportation Security Administration ("TSA"), and DHS provided Plaintiff with its contact information.

On October 16, 2009, Defendant Mary Ellen Callahan, in her official capacity, filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, or alternatively for Summary Judgment pursuant to Federal Rule of Civil

Procedure 56.  Defendant issued a Roseboro notice consistent with Local Civil Rule 7(k), and Plaintiff did not respond.  Therefore, the matter is ripe for review.

## II.  DISCUSSION

### A.  Legal Standard

Normally, a court may not consider documents submitted outside the complaint in ruling on a motion to dismiss, unless the court converts it into a motion for summary judgment.  Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396–97 (4th Cir. 2006); see Fed. R. Civ. P. 12(d) ("If on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  In this case, because the Court will consider Defendant's attachments and affidavits, as well as Plaintiff's additional submissions following DHS's July 16, 2009 letter, the Court will treat DHS's Motion as one for summary judgment.

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing that motion."  Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotations marks and citations omitted).  In their analyses, courts look to the affidavits or other specific facts pled to determine whether a triable issue exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where no genuine issue of material fact exists, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted).  However, summary judgment should not be granted if "the evidence is such that a reasonable jury could return a verdict

4

for the nonmoving party." Id. Mere unsupported speculation is not sufficient if the undisputed evidence indicates the other party should win as a matter of law. Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008).

To obtain summary judgment in a FOIA action, an agency must show that, viewing the facts in the light most favorable to the requester, there is no genuine issue of material fact with regard to the agency's FOIA compliance. See Wickwire Gavin, P.C. v. U.S. Postal Serv., 356 F.3d 588, 591 (4th Cir. 2004). FOIA cases are properly resolved by summary judgement after the agency has responded to the request. See Hanson v. USAID, 372 F.3d 286, 290 (4th Cir. 2004). "FOIA cases are typically and appropriately decided on motions for summary judgment." Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).

FOIA mandates that "each agency, upon any request for records which i) reasonably describes such records; and ii) is made in accordance with published rules stating time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "FOIA requires federal agencies to disclose agency records unless they may be withheld pursuant to one of nine enumerated exceptions listed in § 522(b)." Heily v. U.S. Dep't of Commerce, 69 Fed. App'x 171, 173 (4th Cir. 2003). A defendant agency carries the burden of "establishing the adequacy of its search and that any identifiable document has either been produced or is subject to withholding under an exemption." Id. (citing Carney v. U. S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994)).

Agencies may meet this burden through affidavits explaining the manner in which the search was conducted. Id. These affidavits must be "relatively detailed and nonconclusory in order to support a FOIA exemption." Id. (citing Simmons v. U.S. Dep't of Justice, 796 F.2d 708 (4th Cir. 1986)); see also Nat'l Parks & Conservation Ass'n v. Kleppe, 547 F.2d 673, 680 (D.C. Cir. 1976). So

5

long as it has no reason to question the good faith of the agency, the court is entitled to accept the credibility of such affidavits. Heily, 69 Fed. App'x at 173. (citing Bowers v. U.S. Dep't of Justice, 930 F.2d 350, 357 (4th Cir. 1991); see also Carney, 19 F.3d at 812. To overcome this presumption, a requestor "must demonstrate a material issue by producing evidence, through affidavits or other appropriate means, contradicting the adequacy of the search or suggesting bad faith." Heily, 69 Fed. App'x at 173. (citing Miller v. U.S. Dep't of State, 779 F.2d 1378, 1384 (8th Cir. 1985)). When deciding whether these burdens have been met, the district court must consider everything in the light most favorable to the nonmoving party. See id. A requestor's belief that he is entitled to other documents is inadequate on its own to withstand a motion for summary judgment. See id. at 174.

Additionally, requests that are inadequately identified do not meet FOIA's requirement that records sought be reasonably described. See Mason v. Calloway, 554 F.2d 129, 131 (4th Cir. 1977). This reasonable description relates not only to the subject matter of a search but also to its location. See Freeman v. U.S. Dep't of Justice, 808 F.2d 834 (Table) at *2 (4th Cir. 1986) (citing Marks v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). FOIA entitles citizens to the disclosure of documents, but does not oblige the government to answer their questions or establish a research service. See, e.g., id. (citing Church of Scientology v. IRS, 792 F.2d 146, 150-51 (D.C. Cir. 1987)); Frank v. U.S. Dep't of Justice, 941 F. Supp 4, 5 (D.C. Cir. 1996). The requirement that requests be reasonably described exists because the "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requestors." Assassination Archives & Research Ctr. v. CIA, 720 F. Supp. 217, 219 (D.D.C. 1989). Therefore, "it is the requestor's responsibility to frame requests with sufficient particularity to ensure the searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." Id. (internal citations omitted). Even where a request sufficiently describes the records sought, an agency is not required

6

to comply with a request so broad that it would impose an unreasonable burden upon the agency. See Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce, 907 F.2d 203, 209 (D.C. Cir. 1990).

### C. Plaintiff's Requests

#### i. Item 1 of Plaintiff's Request

Plaintiff first requests the total number of DHS personnel and private subcontractors working in the cities and suburbs of New Orleans, Louisiana, Atlanta, Georgia, and Richmond, Virginia on March 8, 2009. DHS provides an affidavit from Vania Lockett, its Associate Director of Disclosure and Freedom of Information Act Operations, attesting to the Agency's reasoning behind its position. Mr. Bailey fails to provide any evidence to rebut Defendant's affidavit.

As Lockett states in her declaration, DHS does not maintain a central database of employees and contractors that would reflect their work locations on a particular date. (Def.'s Mot. Summ. J. Ex. 1, Lockett Decl. ¶11.) Information on the number of certain types of employees is accessible through the National Finance Center ("NFC"), but this data is only searchable by pay period. (Id.) For this reason, Lockett notes that it would be impossible to narrow the search to employees working on March 8, 2009. NFC would only reflect an employee's official place of business, not necessarily his specific work location on a particular day.[1] In terms of contractors, Lockett notes that DHS does not officially track the number of contractors, as contracts are awarded based on services.

Under DHS's published rules, the request must "describe the records [sought] in enough detail to enable Department personnel to locate them with a reasonable amount of effort." 6 C.F.R.

---

[1]In her affidavit, Ms. Lockett notes that information on certain employees, such as Federal Air Marshals and Secret Service agents, is not reportable for national security reasons, and that military members of the U.S. Coast Guard do not use NFC for pay purposes. (Lockett Decl. ¶ 11.)

§ 5.3(a). It appears, however, that this part of Plaintiff's request is not so much a request for records as it is a question seeking an answer for which Defendant has confirmed DHS does not maintain records. Additionally, compiling this data, if possible, would place an undue burden on DHS.

### ii. Item 2 of Plaintiff's Request

With respect to Plaintiff's request for the number of Homeland Security personnel/ subcontractors traveling on three particular flights on March 8, 2009, this request is also overbroad. It too places an undue burden on DHS because these records are not in existence and could not be compiled with a reasonable amount of effort. Lockett asserts that more than one DHS component could have employees on a flight at any given time, and DHS does not maintain a central index of records relating to DHS and component personnel or contractor travel.

Lockett notes that DHS could reasonably respond only if Plaintiff specified a DHS component of interest. As submitted, however, the request is overbroad as there are numerous DHS components which could be expected to have responsive documents. As a result, DHS would be required to search every component office for documents relating to DHS and component personnel or contractor travel, amounting to an unreasonable amount of effort.

### iii. Item 3 of Plaintiff's Request

Plaintiff's third question asks how many "Judicial Warrants" regulating activities on March 8, 2009 were obtained by DHS and its subordinate agencies. This request suffers from the same deficiencies as the first two. It seeks an answer in the form of a record for which DHS does not maintain records. DHS does not maintain a central index or database of records pertaining to judicial warrants. Additionally, if judicial warrants did exist within DHS or its components, they would be maintained as part of a law enforcement-related system of records, retrievable by an individual's name or other personally identifying information. (Lockett Decl. ¶13.) Further, searches

for judicial warrants are generally conducted via a third-party system. Therefore, DHS could not determine the number of warrants obtained on a specific date with a reasonable amount of effort. (Lockett Decl. ¶13.)

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Summary Judgment and DENIES Defendant's Motion to Dismiss as MOOT. The Court DISMISSES Plaintiff's Complaint WITH PREJUDICE. The Clerk is also directed to file Plaintiff's attached July 29, 2009 undocketed letter and its attachments as a request for re-examination. An appropriate Order shall issue forthwith.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __11th__ day of March 2010